UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NARTISHA BATES,<br><br>      Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC.,<br><br>      Defendant. | Case No.: 1:22-cv-02269-BMB<br><br>Judge: Bridget Meehan Brennan |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND REINSTATEMENT**

For its Answer to Plaintiff Nartisha Bates' ("Plaintiff") Complaint For Damages and Reinstatement (the "Complaint"), Defendant University Hospitals Health System, Inc. ("Defendant") makes the following admissions, denials, statements, and defenses:

**PARTIES**

1. Upon information and belief, Defendant admits that Plaintiff resides within the City of Garfield Heights, County of Cuyahoga, State of Ohio.

2. In response to paragraph 2 of the Complaint, Defendant states that it is a supporting organization for a multi-entity health care delivery system which includes a major medical complex in Cleveland, Ohio. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required.

1

**JURISDICTION AND VENUE**

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant admits that this Court has jurisdiction over this matter.

5. Defendant admits that Plaintiff worked in the district, but denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant admits that this Court has jurisdiction over this matter

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant admits venue is proper with this Court.

8. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), but denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant admits that a right to sue letter was issued by the EEOC, but denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that a right to sue letter was issued by the EEOC, but denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Plaintiff's Complaint and the filing date thereof speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

**FACTS**

13. Defendant denies the allegations contained in paragraph 13 of the Complaint. Plaintiff was employed by a non-party to this lawsuit, University Hospitals Cleveland Medical Center ("UHCMC").

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff requested a medical leave during her employment with UHCMC, but denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff applied for FMLA leave during her employment with UHCMC, but denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant admits that UHCMC granted Plaintiff FMLA leave, but denies the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff was granted a leave by UHCMC, but denies the remaining allegations contained in paragraph 28 of the Complaint

29. Defendant admits that Plaintiff was granted a leave by UHCMC, but denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Plaintiff's employment records and the documents contained within those records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant did not employ Plaintiff and, therefore, it denies the allegations contained in paragraph 32 of the Complaint.

33. Plaintiff's employment records and the documents contained within those records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Plaintiff's employment records and the documents contained within those records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Plaintiff's employment records and the documents contained within those records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant admits that UHCMC terminated Plaintiff's employment, but denies the remaining allegations contained in paragraph 45 of the Complaint.

46. Plaintiff's employment records and the documents contained within those records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant's policies and procedures speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. The documents referenced in paragraph 55 of the Complaint speak for themselves and, therefore, Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. The documents referenced in paragraph 56 of the Complaint speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Plaintiff's employment records, including the documents contained therein, speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

70. Defendant incorporates its responses to paragraphs 1 through 69 of the Complaint as if fully rewritten herein.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02**

88. Defendant incorporates its responses to paragraphs 1 through 87 of the Complaint as if fully rewritten herein.

89. Defendant denies the allegations contained in paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in paragraph 112 of the Complaint.

### COUNT III: FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT.

113. Defendant incorporates its responses to paragraphs 1 through 112 of the Complaint as if fully rewritten herein.

114. Plaintiff's medical and employment records, including the documents contained within those records, speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in paragraph 120 of the Complaint.

**COUNT IV: FAILURE TO ACCOMMODATE UNDER O.R.C. 4112.01 *et seq.*.**

121. Defendant incorporates its responses to paragraphs 1 through 120 of the Complaint as if fully rewritten herein.

122. Plaintiff's medical and employment records, including the documents contained within those records, speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in paragraph 124 of the Complaint.

125. Defendant denies the allegations contained in paragraph 125 of the Complaint.

126. Defendant denies the allegations contained in paragraph 126 of the Complaint.

127. Defendant denies the allegations contained in paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in paragraph 129 of the Complaint

**COUNT V: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2**

130. Defendant incorporates its responses to paragraphs 1 through 129 of the Complaint as if fully rewritten herein.

131. Paragraph 131 contains a legal conclusion to which no response is required.

132. Defendant denies the allegations contained in paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in paragraph 133 of the Complaint.

134. Defendant denies the allegations contained in paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in paragraph 136 of the Complaint.

137. Defendant denies the allegations contained in paragraph 137 of the Complaint.

138. Defendant denies the allegations contained in paragraph 138 of the Complaint.

139. Defendant denies the allegations contained in paragraph 139 of the Complaint.

140. Defendant denies the allegations contained in paragraph 140 of the Complaint.

141. Defendant denies the allegations contained in paragraph 141 of the Complaint.

**COUNT VI: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 *et seq.***

142. Defendant incorporates its responses to paragraphs 1 through 141 of the Complaint as if fully rewritten herein.

143. Paragraph 143 contains a legal conclusion to which no response is required.

144. Defendant denies the allegations contained in paragraph 144 of the Complaint.

145. Defendant denies the allegations contained in paragraph 145 of the Complaint.

146. Defendant denies the allegations contained in paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in paragraph 147 of the Complaint.

148. Defendant denies the allegations contained in paragraph 148 of the Complaint.

149. Defendant denies the allegations contained in paragraph 149 of the Complaint.

150. Defendant denies the allegations contained in paragraph 150 of the Complaint.

151. Defendant denies the allegations contained in paragraph 151 of the Complaint.

152. Defendant denies the allegations contained in paragraph 152 of the Complaint.

153. Defendant denies the allegations contained in paragraph 153 of the Complaint.

## COUNT VII: RETALIAION IN VIOLATION OF 42 U.S.C. § 2000e-2

154. Defendant incorporates its responses to paragraphs 1 through 153 of the Complaint as if fully rewritten herein.

155. Paragraph 155 does not contain any allegations for which a response is required.

156. Defendant admits that Plaintiff brought forth a complaint during her employment but denies the remaining allegations contained in paragraph 156 of the Complaint.

157. Defendant admits that it discharged Plaintiff but denies the remaining allegations contained in paragraph 157 of the Complaint.

158. Defendant denies the allegations contained in paragraph 158 of the Complaint.

159. Defendant denies the allegations contained in paragraph 159 of the Complaint.

160. Defendant denies the allegations contained in paragraph 160 of the Complaint.

## COUNT VIII: RETALIAION IN VIOLATION OF 42 U.S.C. § 2000e-2

161. Defendant incorporates its responses to paragraphs 1 through 160 of the Complaint as if fully rewritten herein.

162. Paragraph 162 does not contain any allegations for which a response is required.

163. Defendant admits that Plaintiff brought forth a complaint during her employment but denies the remaining allegations contained in paragraph 163 of the Complaint.

164. Defendant admits that it discharged Plaintiff but denies the remaining allegations contained in paragraph 164 of the Complaint.

165. Defendant denies the allegations contained in paragraph 165 of the Complaint.

166. Defendant denies the allegations contained in paragraph 166 of the Complaint.

167. Defendant denies the allegations contained in paragraph 167 of the Complaint.

168. Defendant denies the allegations contained in paragraph 168 of the Complaint.

## COUNT IX: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

169. Defendant incorporates its responses to paragraphs 1 through 168 of the Complaint as if fully rewritten herein.

170. Paragraph 170 of the Complaint contains a legal conclusion to which no response is required.

171. Paragraph 171 of the Complaint contains a legal conclusion to which no response is required.

172. Paragraph 172 of the Complaint contains a legal conclusion to which no response is required.

173. Plaintiff's employment and medical records, including the documents contained therein, speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 173 of the Complaint.

174. Defendant denies the allegations contained in paragraph 174 of the Complaint.

175. Defendant denies the allegations contained in paragraph 175 of the Complaint.

176. Defendant denies the allegations contained in paragraph 176 of the Complaint.

177. Defendant denies the allegations contained in paragraph 177 of the Complaint.

## COUNT X: RETALIATION IN VIOLATION OF THE FMLA

178. Defendant incorporates its responses to paragraphs 1 through 177 of the Complaint as if fully rewritten herein.

179. Plaintiff's employment and medical records, including the documents contained therein, speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 179 of the Complaint.

180. Defendant denies the allegations contained in paragraph 180 of the Complaint.

181. Defendant denies the allegations contained in paragraph 181 of the Complaint.

182. Defendant denies the allegations contained in paragraph 182 of the Complaint.

183. Defendant denies the allegations contained in paragraph 183 of the Complaint.

184. Defendant denies the allegations contained in paragraph 184 of the Complaint.

185. Defendant denies the allegations contained in the DEMAND FOR RELIEF and WHEREFORE paragraph, and subsections (a) through (f) thereunder, immediately following Paragraph 184 of the Complaint.

186. Defendant denies each and every allegation of the Complaint not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Defendant did not breach any legal duty to Plaintiff.

3. Plaintiff has failed to name the correct entity in these proceedings.

4. Plaintiff failed to name the proper employer in the charge.

5. Defendant's actions are job-related and consistent with Defendant's business necessity.

6. Plaintiff has not sustained any damages proximately or actually caused by

Defendant.

7. Plaintiff has failed to mitigate or minimize her damages, the existence of which Defendant denies.

8. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

11. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-retaliatory, non-discriminatory reasons for all actions towards Plaintiff.

12. Some or all of the damages that Plaintiff seeks are not recoverable by law.

13. Plaintiff has not sustained any damages proximately caused or actually caused by Defendant.

14. Based on after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant are barred by the doctrine of after-acquired evidence.

15. Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

16. Plaintiff's claims fail because Defendant acted in good faith at all times.

17. Plaintiff's claims fail because her discharge would have occurred regardless of Plaintiff's race.

18. Plaintiff's claims fail because her discharge would have occurred regardless of Plaintiff's FMLA use.

19. Plaintiff's claims fail because her discharge would have occurred regardless of Plaintiff's engagement in a protected activity.

20. Plaintiff's claims fail because her discharge would have occurred regardless of her alleged disability.

21. Plaintiff's claim fails because she failed to submit a request for accommodation.

22. Plaintiff's request for accommodation – the existence of which Defendant denies – was unreasonable.

23. Plaintiff's request for accommodation – the existence of which Defendant denies – poses an undue burden upon Defendant.

24. Defendant engaged in the interactive process.

25. Defendant complied with all laws and regulations applicable to Plaintiff's claims.

26. Plaintiff was treated the same as all other employees.

27. Plaintiff's discharge was legitimate, non-discriminatory, and according to Defendant's lawful policies.

28. Injunctive relief is not available to Plaintiff because she has failed to demonstrate that monetary damages are an insufficient remedy.

29. Expectancy damages are not available to Plaintiff because Defendant's actions were legitimate, non-discriminatory, and according to Defendant's lawful policies.

30. Compensatory damages are not available to Plaintiff because Defendant's actions were legitimate, non-discriminatory, and according to Defendant's lawful policies.

15

31.     Punitive damages are not available to Plaintiff because Defendant's actions were legitimate, non-discriminatory, and according to Defendant's lawful policies.

32.     Plaintiff's Complaint is frivolous and lacks merit.

33.     Because Plaintiff's Complaint is frivolous and lacks merit, Plaintiff is not entitled to an award of costs for this action or attorney's fees.

34.     Plaintiff's claims are barred by her own bad faith.

35.     Plaintiff's claims fail as a matter of law because she cannot satisfy her *prima facie* cases.

36.     Plaintiff cannot prove that Defendant's legitimate, non-discriminatory reason for its actions is pretext for unlawful disclination or retaliation.

37.     Plaintiff's claims for retaliation fails as a matter of law because she cannot show that her alleged protected activity was the "but for" cause for her discharge.

38.     Plaintiff is not disabled.

39.     Plaintiff was not qualified for her position.

40.     Plaitniff cannot meet the but for discrimination standard.

41.     Plaintiff cannot meet the but for retaliation standard.

42.     Plaintiff could not and cannot perform the essential functions of her former position with or without a reasonable accommodation.

43.     Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant respectfully request that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and

that it recovers its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

Respectfully submitted,

*/s/  David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this day of January 31, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon all counsel of record.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*Attorneys for Defendant*
